IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHRISTIAN GARCIA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SOUTHTOWN SHOPPING CENTER )<br>and JUDITH ANN HORNING, TRUSTEE )<br>OF THE HORNING FAMILY TRUST, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>FILE No. 4:19-CV-00261 |

## AMENDED COMPLAINT

COMES NOW, CHRISTIAN GARCIA, by and through the undersigned counsel, and files this, his Amended Complaint against Defendants, SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

### PARTIES

2. Plaintiff, CHRISTIAN GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Fort Worth, Texas (Tarrant County).

1

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")

7. Defendant SOUTHTOWN SHOPPING CENTER (hereinafter "SOUTHTOWN SHOPPING CENTER") is a Texas joint venture that transacts business in the State of Texas and within this judicial district.

8. Defendant, SOUTHTOWN SHOPPING CENTER, may be properly served with process via service, to wit:  Robert Martinez, Esq., Broude Smith, et al., 309 West 7th Street, Suite 1100, Fort Worth, TX  76102.

9. Defendant, JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST (hereinafter "TRUSTEE OF THE HORNING FAMILY TRUST"), is an individual who transacts business in the State of Texas and within this judicial district.

10. Defendant, JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY

TRUST, may be properly served with process via for service, to wit:  c/o Howard A. Weinberger, 4405 N. Hall Street, Dallas, TX  75219.

## FACTUAL ALLEGATIONS

11.     On or about March 28, 2019 Plaintiff was a customer at El Rio Grande Latin Market, a business located at 3037 South Fwy, Fort Worth, TX  76104 referenced herein as the "El Rio Grande."

12.     SOUTHTOWN SHOPPING CENTER is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

13.     JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST is the owner or co-owner of the real property and improvements that El Rio Grande is situated upon and that is the subject of this action, referenced herein as the "Property."

14.     Plaintiff lives 3 miles from El Rio Grande and the Property.

15.     Plaintiff has visited El Rio Grande and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting El Rio Grande and the Property within six months or sooner, as soon as the barriers to access detailed in this Amended Complaint are removed and El Rio Grande and the Property are accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when El Rio Grande and the Property are made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

16.     Plaintiff intends on revisiting El Rio Grande and the Property to purchase goods and/or services as a regular customer living in the vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

17. Plaintiff's access to the business(es) located at 3037 South Fwy, Fort Worth, TX 76104, Tarrant County Property Appraiser's parcel number 03935795 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and she will be denied and/or limited in the future unless and until Defendants, SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, are compelled to remove the physical barriers to access and correct the ADA violations that exist at El Rio Grande and the Property, including those set forth in this Amended Complaint.

18. Plaintiff travelled to El Rio Grande and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at El Rio Grande and the Property that are detailed in this Amended Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at El Rio Grande and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

4

(iii)  discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C.

§ 12181; 28 C.F.R. § 36.508(a).

24. El Rio Grande is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. El Rio Grande must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed El Rio Grande and the Property in his capacity as a customer of El Rio Grande and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at El Rio Grande and the Property that preclude and/or limit his access to El Rio Grande and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Amended Complaint.

31. Plaintiff intends to visit El Rio Grande and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at El Rio Grande and the Property, but will be unable to fully do so because of his disability and

the physical barriers to access, dangerous conditions and ADA violations that exist at El Rio Grande and the Property that preclude and/or limit his access to El Rio Grande and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Amended Complaint.

32. Defendants, SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of El Rio Grande and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, are compelled to remove all physical barriers that exist at El Rio Grande and the Property, including those specifically set forth herein, and make El Rio Grande and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to El Rio Grande and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of El Rio Grande and the Property include, but are not limited to:

**(a)    ACCESSIBLE ELEMENTS:**

(i)    Near Unit 815, there are two accessible parking spaces that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)   Near Unit 815, for the two accessible parking spaces, the accessible parking space and associated access aisle have a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)  Near Unit 815, the accessible parking spaces have indentations which promote puddling and dirt buildup, which creates unstable and unlevel surfaces and is in violation of Section 302.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)   Near Unit 3047, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v)    Due to a policy by the El Rio Grande Latin Market as to where to place the shopping cart corrals, the shopping cart corrals block the accessible route and thus the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(vi) Due to a policy by the El Rio Grande Latin Market as to where to place the shopping cart corrals, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vii) Directly south of the El Rio Grande Latin Market entrance, the Property lacks an accessible route from accessible parking space to the accessible entrance of the Property, due to a policy by the El Rio Grande Latin Market as to where to place the shopping cart corrals as well as a 1 inch vertical rise, in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii) Directly south of the El Rio Grande Latin Market entrance, the access aisle has indentations which promote puddling, which creates unstable and unlevel surfaces and is in violation of Section 302.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ix) Across the vehicular way from El Rio Grande Latin Market, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(x) Across the vehicular way from El Rio Grande Latin Market, due to a policy of placing a parking stops at the end of the access aisle, the Property improperly

        encourages parking in the access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to leave a vehicle when parked in this accessible parking space.

(xi) On the access route directly north of the Rio Grande and right next to the propane tank holders there is an excessive vertical rise along the accessible route or path in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xii) Near Family Dollar, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xiii) Near Family Dollar, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property. In addition, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xiv) Near Family Dollar, the accessible parking space and access aisle both have excessive vertical rises and are in violation of Section 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xv) In El Rio Grande Latin Market, there is not at least 5% (five percent) of the dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with Section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards.

(xvi) In El Rio Grande Latin Market, there are sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions (meat, deli, seafood) of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xvii) In El Rio Grande Latin Market, the vertical reach to the service ticket dispenser at the meat counter and other service counters exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(xviii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**EL RIO GRANDE LATIN MARKET RESTROOMS**

(i) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the

        Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(ii)    The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)    The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)    The door exiting the restroom lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent wall, in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at El Rio Grande and the

Property.

36.     Plaintiff requires an inspection of El Rio Grande and the Property in order to determine all of the discriminatory conditions present at El Rio Grande and the Property in violation of the ADA.

37.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.     All of the violations alleged herein are readily achievable to modify to bring El Rio Grande and the Property into compliance with the ADA.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at El Rio Grande and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at El Rio Grande and the Property is readily achievable because Defendants, SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, have the financial resources to make the necessary modifications.

41.     Upon information and good faith belief, El Rio Grande and the Property have been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and

reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at El Rio Grande and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, to modify El Rio Grande and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, SOUTHTOWN SHOPPING CENTER, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants,

SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, from continuing their discriminatory practices;

(d)  That the Court issue an Order requiring Defendants, SOUTHTOWN SHOPPING CENTER and JUDITH ANN HORNING, TRUSTEE OF THE HORNING FAMILY TRUST, to (i) remove the physical barriers to access and (ii) alter the subject El Rio Grande and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)  That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)  That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: April 22, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

        Law Offices of
        LIPPE & ASSOCIATES

        /s/  Emil Lippe, Jr.
        Emil Lippe, Jr., Esq.
        State Bar No. 12398300
        Lippe & Associates
        12222 Merit Drive, Suite 1200
        Dallas, TX 75251
        Tel: (214) 855-1850
        Fax: (214) 720-6074
        emil@texaslaw.com

        ATTORNEYS FOR PLAINTIFF
        CHRISTIAN GARCIA